UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHANEL, INC.,
a New York corporation

        Plaintiff,

v.                                        Case No.  8:06-cv-1636-T-24 TBM

ROUTE' LIMITED, LLC,
a Florida corporation, ET AL.,

        Defendants.

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Final Default Judgment.

(Doc. No. 12).

## I.  Background

Plaintiff Chanel, Inc. filed suit against Defendants Route' Limited, LLC and Robert

Baker Routt d/b/a GetInFashion.com d/b/a Route' Limited and Does 1-10 alleging the following

(Doc. No. 1): Plaintiff is engaged in the business of manufacturing and distributing jewelry

under the federally registered trademarks CHANEL and CC MONOGRAM ("Chanel Marks").

(¶ 2).  Plaintiff has not ever assigned or licensed the Chanel Marks to any of the defendants.  (¶

11).

Despite Defendants' knowledge of Plaintiff's ownership of the Chanel Marks,

Defendants are actively manufacturing, promoting, and otherwise advertising, distributing,

selling, and/or offering for sale substantial quantities of counterfeit jewelry products bearing

trademarks that are exact copies of the Chanel Marks.  (¶ 17-18).  Defendants are doing this with

the knowledge that their jewelry will be mistaken for the genuine high quality jewelry offered

for sale by Plaintiff, and they are doing this without Plaintiff's consent or authorization (¶ 19, 22).  Furthermore, Plaintiff contends that Defendants are doing this knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation.  (¶ 23).

Plaintiff contends that Defendant's conduct is likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade.  (¶ 24).  Additionally, Plaintiff contends that if Defendants are not permanently enjoined, Plaintiff and the consuming public will continue to be damaged.  ( ¶ 23).

In the complaint, Plaintiff asserts five claims, including a claim for trademark counterfeiting and infringement, in violation of 15 U.S.C. § 1114, in Count I of the complaint. Defendants  Route' Limited, LLC and Robert Baker Routt (collectively referred to as "the Route' Defendants") failed to respond to the complaint, and as a result, default was entered against them on October 26, 2006.  (Doc. No. 9).

## II.  Motion for Default Judgment

Plaintiff seeks default judgment against the Route' Defendants for trademark infringement in violation of 15 U.S.C. § 1114.  It is a violation of § 1114 for any person or entity, without the consent of the registrant, to "use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).  Based on the allegations in the complaint and the documentation submitted in support of the motion for default judgment, the Court finds that Plaintiff has established that the Route' Defendants have

violated § 1114.

As a result of the Route' Defendants' trademark infringement, Plaintiff requests the following: (1) a permanent injunction against the Route' Defendants; (2) statutory damages of $241,414.08; (3) $2,100 in attorney's fees; (4) $726.43 in investigative fees; and (5) $500 in costs.  Accordingly, the Court will analyze each component of the proposed judgment.

**A.  Injunctive Relief**

Plaintiff seeks a permanent injunction to prevent the Route' Defendants from infringing any of Plaintiff's trademarks.  Pursuant to 15 U.S.C. § 1116, this Court has the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office."  The Court finds Plaintiff's request for an injunction appropriate and will enjoin the Route' Defendants from infringing any of Plaintiff's trademarks.

**B.  Statutory Damages**

Plaintiff also seeks $241,414.08 in statutory damages.[1]  Pursuant to 15 U.S.C. § 1117:

[In any case involving the use of a counterfeit mark] in connection with the sale, offering for sale, or distribution of goods or services[, the Court may award statutory damages] in the amount of--
**(1)** not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
**(2)** if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).  Plaintiff argues that it should get enhanced statutory damages because the

---

[1]Plaintiff has elected to seek statutory damages under 15 U.S.C. § 1117(c) as opposed to actual damages and profits under 15 U.S.C. § 1117(a).

Route' Defendants acted willfully.  Plaintiff points out that on the GetInFashion website, it states that "All products sold within this website shop are replicas or reproductions and are not being represented as the originals.  We are in no way affiliated with any of the authentic manufacturers."  (Doc. No. 12, Ex. F, p. 9).  This statement supports Plaintiff's assertion that the Route' Defendants' actions were done willfully and in bad faith.  See Rolex Watch U,S,A., Inc. v. Jones, 2000 WL 1528263, at *3 and n.1 (S.D.N.Y. Oct. 13, 2000)(finding that a similar disclaimer was not evidence of the defendant's good faith and noting that the disclaimer did not diminish the likelihood of post-sale confusion by the public).

Plaintiff argues that in light of the large quantity of counterfeit products advertised, offered for sale, and/or sold by the Route' Defendants, the number of federal registrations that they were counterfeiting and infringing, and the reasonable inference that Plaintiff's investigation did not capture the full scale of the Route' Defendants' operation, the Court should award significant damages to ensure that the Route' Defendants do not continue their intentional and willful counterfeiting and infringement.  Plaintiff estimates that the Route' Defendants may have made $80,471.36 in profits through their infringing actions.  If Plaintiff had elected to receive actual damages as opposed to statutory damages, it would have been able to have its damages trebled, pursuant to 15 U.S.C. § 1117(b), which would equal $241,414.08.[2]  Therefore, Plaintiff urges the Court to consider this estimate of actual, treble damages when determining the appropriate amount of statutory damages to award.   Upon consideration, the Court finds that an award of $200,000 in statutory damages is appropriate.

---

[2]The Court recognizes that $80,471.36 is merely an estimate and is not evidence of actual profits.

**C.  Fees and Costs**

Plaintiff also seeks $2,100 in attorney's fees for six hours of work done on this case at a rate of $350 per hour.  The Court finds that these fees are reasonable and should be awarded pursuant to 15 U.S.C. § 1117(b).

Plaintiff also seeks to recover $726.43 in investigative fees that were incurred to uncover information regarding the Route' Defendants' actions.  The Court finds that these fees should be awarded.  See Louis Vuitton S.A. v. Downtown Luggage Center, 706 F. Supp. 839, 842 (S.D. Fla. 1988)(stating that investigatory fees are recoverable).

Plaintiff also seeks to recover $500 in costs incurred to pay for the filing fee and process server.  The Court finds that these costs should be awarded.  See id. (stating that costs are recoverable).

**III.  Conclusion**

Based upon a review of the motion and supporting documentation, it is ORDERED AND ADJUDGED that:

(1)    Plaintiff's Motion for Final Default Judgment (Doc. No. 12) is **GRANTED**.  The Clerk is directed to enter judgment as follows:

      (a)    The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants Route' Limited, LLC and Robert Baker Routt d/b/a GetInFashion.com d/b/a Route' Limited as to Count I of the complaint.

      (b)    Defendants Route' Limited, LLC and Robert Baker Routt d/b/a GetInFashion.com d/b/a Route' Limited, their agents, representatives, servants, employees, and all those acting in concert or participation

therewith, are hereby enjoined from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell counterfeit products, including at least costume jewelry, earrings, necklaces, bracelets, brooches, and watches bearing trademarks which are exact copies of Plaintiff's trademarks; from infringing, counterfeiting, or diluting the Plaintiff's trademarks; from using the Plaintiff's trademarks or any mark or trade dress similar thereto in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of these defendants as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff; from falsely representing themselves as being connected with the Plaintiff, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of these defendants are in any way endorsed by, approved by, and/or associated with the Plaintiff; from using any reproduction, counterfeit, copy, or colorable imitation of Plaintiff's trademarks in connection with the publicity, promotion, sale, or advertising of any goods sold by these defendants, including, without limitation, costume jewelry, earrings, necklaces, bracelets, brooches, watches, and/or any other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or

representation, including words or other symbols tending to falsely

describe or represent these defendants' goods as being those of the

Plaintiff, or in any way endorsed by the Plaintiff and from offering such

goods in commerce; and from otherwise unfairly competing with the

Plaintiff.

(c)     Plaintiff is awarded: (I) $200,000 in statutory damages, (ii) $2,100 in

attorney's fees, (iii) $726.43 in investigative fees, and (iv) $500 in costs

against Defendants Route' Limited, LLC and Robert Baker Routt d/b/a

GetInFashion.com d/b/a Route' Limited, jointly and severally.

(2)     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of December, 2006.

*Susan C. Bucklew*

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record